In the Matter of Cosmo Pusateri, Appellant, against Joseph D. McGoldrick, as State Rent Administrator, et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Rent Administrator. Abraham and Dora Moskowitz, husband and wife, and George Moskowitz, their son, are the co-owners of a two-family house. They, with the son's wife and four-year-old daughter occupy the apartment on the upper floor, and Pusateri occupies the apartment on the lower floor. The landlords applied for a certificate of eviction to obtain the apartment on the lower floor for occupancy by the son and his family. The State Rent Administrator in granting the certificate held that the landlords did not have to show an immediate and compelling necessity but only a desire in good faith to obtain possession for personal occupancy. The Special Term dismissed the proceeding, and the tenant appeals. Order unanimously affirmed, without costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, MacCrate and Schmidt, JJ.

In the Matter of Andrew Russo, Appellant, against Edward F. Johnston, as Warden of the City Prison of the City of New York, Borough of Brooklyn, et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, for an order directing respondents to certify jail time under subdivision 3 of section 2193 of the Penal Law, order denying the application and dismissing the proceeding unanimously affirmed, without costs. No opinion. Present — Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

In the Matter of the Accounting of Ruth G. Weiler, as Administratrix of the Estate of Morton W. Weiler, Deceased, Respondent. Charles Goldman et al., Comprising the Partnership of Goldman, Evans & Goldman, Appellants; Ruth G. Weiler, Individually, et al., Respondents.— Appeal by attorneys for the administratrix from so much of a decree of the Surrogate's Court, Kings County, made upon a proceeding for settlement of the final account of said administratrix consolidated with a proceeding to determine the amount of said attorneys' compensation, as fixes such compensation at the sum of $1,250, and as, upon reargument, adheres to the original determination. Decree, insofar as appealed from, modified on the law and the facts, by striking from the fourth ordering paragraph the figure "$1,250", and by substituting in lieu thereof the figure "$3,000"; and by striking out the fifth ordering paragraph. As so modified, the decree is unanimously affirmed, with costs to all parties filing separate briefs, payable out of the estate. Compensation in the amount of only $1,250 was inadequate. In fixing the amount at $3,000 we have not included consideration of the services performed in connection with transfer of bonds to the surviving spouse and to the children, and in connection with collection of moneys due on life insurance policies and annuity contracts, all of which services were not in the interests of the estate itself, but we have included all services rendered in connection with tax returns and proceedings. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ. [See post, p. 767.]